IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER L. GORSCHÉ, | § § § | Civil Action No. 4:16-cv-3650 |
| Plaintiff, | § § | |
| v. | § § | Jury Trial Demanded |
| TEXAS RENAISSANCE FESTIVALS, INC., | § § § § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jennifer L. Gorsché alleges:

1. This is an action for gender and race discrimination pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Plaintiff Jennifer L. Gorsché is a female residing in Houston, Harris County, Texas.

4. Defendant Texas Renaissance Festivals, Inc. (hereinafter referred to as "TRF") is a Texas Corporation with its principal place of business at 21778 FM 1774, Todd Mission, Texas 77363, which is in this judicial district. TRF can be served with process through its registered agent, George Coulam, 21778 FM 1774, Plantersville, TX 77363.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district. TRF maintains its place of business in this judicial district.

6. Defendant TRF is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff began working as the Director of Public Relations and Media Relations for TRF on or about January 1, 2012. Her starting salary was approximately $55,000.00 per year. In addition to her base salary, Plaintiff was promised a performance bonus equal to 25% of her salary to be paid at the end of the calendar year 2012.

8. Plaintiff performed her job duties with success. Her marketing efforts led a new record for attendance.

9. Throughout Plaintiff's employment, George Coulam, (hereinafter referred to as "Coulam"), owner of TRF, referred to Plaintiff as "cupcake." Coulam subjected Plaintiff to terms and conditions of her employment that were different than those of her male co-worker.

10. On or about October 7, 2012, Coulam encouraged Plaintiff to get members of the media "laid" so that they would report to the upcoming Renaissance Festival event.

11. During a meeting in early November 2012 with Terre Albert, who was General Manager of TRF, Coulam stated to Plaintiff that "we" do not have a lot of Hispanics or Blacks here but he was "ok" with that. Coulam continued and stated that he was a "racist" and that he knew that Plaintiff was married to a "black man."

12. Plaintiff opposed being subjected routinely to sexist comments and complained about the comments. She also contacted her predecessor in the Director of

Public Relations and Media Relations position for guidance about her employment situation and possible evidence of sex discrimination.

13. On November 15, 2012, less than one week after the meeting in which Coulam called himself a racist and on the same day that Plaintiff emailed her predecessor, TRF terminated Plaintiff's employment. TRF has explicitly cited Plaintiff's conduct opposing perceived discrimination as a reason for firing her.

14. On June 14, 2013, Plaintiff filed a timely charge of discrimination (Charge No. 460-2013-02098) against TRF with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged that she had been subjected to discrimination based on sex (female) and race (her association with her African-American husband). She also alleged that TRF unlawfully retaliated against her by firing her because she had opposed what she perceived to be unlawful employment practices.

15. Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated the charge of discrimination filed by Plaintiff and issued a Letter of Determination on August 19, 2015, finding that TRF discriminated against Plaintiff because of her sex and fired her in retaliation for her opposition to sex discrimination, both in violation of Title VII. The EEOC did not make a determination on any other issue.

16. On or about September 23, 2016, the EEOC issued to Plaintiff a "Notice of Right to Sue (Conciliation Failure)" after an unsuccessful attempt to conciliate the charge. Plaintiff has filed this action under Title VII within ninety days after receipt of her "notice of Right to Sue" letter from the EEOC.

17. Plaintiff searched for employment positions in her marketing field after being fired by TRF but since that time she has not been employed in a position that matches her previous salary.

18. All conditions precedent to the filing of this Title VII sex and race discrimination in employment and retaliation suit have been performed or have occurred.

## STATEMENT OF CLAIMS

19. TRF subjected Plaintiff to discrimination on the basis of sex and race, as well as retaliation, in violation of 42 U.S.C. §§ 2000e-2(a), 2000e-2(e), and 2000e-3, among other ways, by:

(a) calling her "cupcake" multiple times and asking her to get media contacts "laid";

(b) subjecting Plaintiff to terms and conditions of employment different than those under which male employees worked;

(c) terminating Plaintiff after admitting to being a racist and referring to Plaintiff's African-American spouse;

(d) terminating Plaintiff after she opposed perceived discrimination;

(e) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment and retaliation.

20. Defendant TRF's discriminatory conduct has caused Plaintiff to suffer loss of pay, benefits, and out-of-pocket damages. Defendant TRF's discriminatory conduct has caused Plaintiff to suffer mental emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

21. Defendant engaged in discriminatory practices with malic and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

(a) Award back pay and front pay and all other appropriate monetary relief, including the value of lost employment benefits to make Plaintiff whole for the loss suffered as a result of the discriminatory conduct alleged in this Complaint;

(b) Award any prejudgment interest on the amount of lost wages and benefits determined to be due;

(c) Award compensatory damages to Plaintiff to fully compensate her for the pain, suffering, and medical expenses caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

(d) Award punitive damages for Defendant's malicious and recklessly indifferent conduct;

(e) Award expenses of litigation, including reasonable attorneys' fees, pursuant to Title VII or 42 U.S.C. § 1988; and

(f) Award such additional relief as justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Dated this 13th Day of December, 2016.

                        Respectfully Submitted,

                        JENNIFER L. GORSCHÉ

BY:      */s/ Amy Jaasma*
            Amy Jaasma—Attorney In Charge
            State Bar No. 24012909
            Southern District of Texas No. 27603
            2245 Texas Drive, Suite 300
            Sugar Land, Texas  77479
            Telephone:   (713) 320-6418
            Facsimile:    (832) 440-0615
            *amy@matthewsjaasma.com*